UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAUL BARRON,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>MIKE STAINER, Warden,<br><br>　　　　　Respondent.<br>_____/ | No. C 11-2797 PJH<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |

On January 25, 2013, the court issued an order denying the petition for writ of habeas corpus and entered judgment against petitioner. Petitioner, who is represented, now moves for appointment of counsel and for leave to proceed in forma pauperis.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, the district court has discretion to appoint counsel for a habeas petitioner when it determines "that the interests of justice so require." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). Furthermore, 28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant only in "exceptional circumstances." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Here, petitioner seeks appointment of counsel pursuant to 18 U.S.C. § 3006A, which provides for payment for representation, rather than appointment of pro bono counsel. *See United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that 18 U.S.C.§ 3006A(d) makes a provision for paying appointed counsel, whereas "[n]o statute provides funds to pay counsel secured under 28 U.S.C. § 1915(d)").

In order to be entitled to appointed counsel pursuant to § 3006A, a petitioner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. Under Ninth Circuit authority, "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (holding that interlocutory order denying motion for appointment of habeas counsel is not appealable, noting rules governing habeas "do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires") (citing Rule 8(c), 28 U.S.C. foll. § 2254).

Here, the court issued a certificate of appealability on petitioner's claim that the state court's exclusion of evidence to impeach Detective Rodriguez violated the Sixth Amendment right of confrontation and was not harmless error. Petitioner contends that by issuing a certificate of appealability, the court determined that the appeal is potentially meritorious. Mot. at 4 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Having ruled on the claims presented in the habeas petition, the court determines that petitioner has not shown a strong likelihood of success on the merits of his appeal, but has presented a debatable claim that minimally satisfies a showing of some likelihood of success.

With respect to the second factor for appointment of counsel, petitioner argues that the confrontation clause and harmless error issues involved in his appeal are complex, and that he has little education and no legal training, making it impossible to litigate those issues on appeal without the aid of counsel. Having reviewed the record, the court determines that the confrontation clause issue is not particularly complex, and that when petitioner appeared pro se, he did not experience difficulty in articulating his habeas claims due to the complexity of the issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986) ("although Wilborn may have found it difficult to articulate his claims pro se, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the

issues involved was sufficient to require designation of counsel"). In support of the request for appointment, petitioner's habeas counsel has submitted a declaration stating that continuing with unpaid representation would create a financial hardship on counsel. Counsel's hardship is not, however, properly considered on a request for appointment of counsel. Having considered the relevant factors, the court determines that the interests of justice do not require appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). The motion for appointment of counsel is **DENIED**.

Petitioner requests leave to proceed on appeal in forma pauperis and has provided a supporting financial affidavit. The affidavit submitted by petitioner does not address every detail required by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure, and petitioner has not submitted a certified copy of his prisoner trust account for the immediately preceding six-month period, as required by 28 U.S.C. § 1915(b). However, the court is satisfied that petitioner has demonstrated his inability to pay or to give security for fees and costs, based on his financial affidavit dated February 13, 2013, and his initial application to proceed in forma pauperis and accompanying trust account statement which demonstrated inability to pay the full amount of a filing fee at the time he filed his habeas petition. Doc. no. 2. The court notes that the initial application to proceed in forma pauperis was denied as moot because petitioner paid the five dollar filing fee applicable only to habeas petitions. Doc. no. 19. For good cause shown, the motion to proceed on appeal in forma pauperis is **GRANTED** pursuant to 28 U.S.C. § 1915(a)(1) and Fed. R. App. P. 24(a)(1).

**IT IS SO ORDERED.**

Dated: March 5, 2013

PHYLLIS J. HAMILTON
United States District Judge

3